IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES TROOP,

        Plaintiff,        CV F  04 5759 AWI WMW P

  vs.                      ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

JEANNE WOODFORD, et al.,

        Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff is an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison.  Plaintiff brings this civil rights action against correctional officials employed by the Department of Corrections.  Plaintiff names the following individual defendants: CDC Director Jeanne Woodford; Warden James Yates, Chief Medical Officer Michael Bendon; H. D. Sacks, D.O.  Plaintiff claims that he was denied adequate medical treatment.

       Pending before the court is the first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend.   In the order dismissing the original complaint, the court noted the following.

       Plaintiff suffers from "ongoing endstage liver failure condition." Plaintiff alleges

1

1  in general that defendants are aware of his condition, yet "neglect or fail to perform/have
2  performed the necessary treatment to alleviate plaintiff's condition."

3  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
4  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.
5  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a
6  plaintiff must allege that: (1) a person was acting under color of state law at the time the
7  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
8  privileges or immunities secured by the Constitution or laws of the United States. Paratt
9  v.Taylor, 451 U.S. 527, 535 (1981).

10  The statute plainly requires that there be an actual connection or link between the
11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
12  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
13  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
14  constitutional right, within the meaning of section 1983, if he does an affirmative act,
15  participates in another's affirmative acts or omits to perform an act which he is legally required
16  to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d
17  740, 743 (9th Cir. 1978).

18  Under the Eighth Amendment, the government has an obligation to provide
19  medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.
20  2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual
21  punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id.
22  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to
23  evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."
24  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second,
25  a court must determine whether "officials intentionally interfered with [the plaintiff's] medical
26

treatment." Id. at 1132.

Plaintiff was advised that in the original compalint, he failed to charge any of the named defendants with specific conduct. As to defendants Bendon and Sacks, plaintiff alleges generally that they are "directly involved in the incidents out of which the claims in this action arise." Plaintiff failed to allege additional facts regarding the conduct of Bendon and Sacks. In order state a claim as to these defendants, plaintiff must allege facts indicating that Bendon and Sacks were deliberately indifferent to plaintiff's serious medical need, resulting in injury to plaintiff. Plaintiff must allege facts indicating that defendants knew of and disregarded a serious risk to plaintiff's health.

In the first amended complaint, Plaintiff re-alleges the facts of the original complaint. Though Plaintiff does provide further factual specificity, he fails to correct the defects noted in the original order. The first amended complaint must be dismissed. Plaintiff will, however, be granted an opportunity to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   July 9, 2007**              /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE